IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clifton Daryl Ray Liewald,<br><br>                Plaintiff,<br><br>v.<br><br>Chief R. Misle of the York<br>County Detention Center,<br><br>                Defendant. | Civil Action No. 8:09-2058-RBH-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Defendant's Motion to Dismiss or, alternatively, for Summary Judgment. (Dkt. # 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on August 11, 2009, seeking damages for alleged civil rights violations. The Plaintiff filed an Amended Complaint on August 26, 2009. On November 6, 2009, the Defendant filed a Motion to Dismiss or, alternatively, for Summary Judgment. On November 9, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion.  On November 17, 2009, the Plaintiff filed a response opposing the Defendant's motion.

## FACTS PRESENTED

At the time that the Plaintiff filed this action, he was incarcerated at the York County Detention Center ("YCDC").  (Dkt. # 8 - Am. Compl.)   Recently, he was transferred into the custody of the South Carolina Department of Corrections ("SCDC") and is now being housed at the Kirkland Correctional Institution.  (Dkt. # 27 - Notice of Change of Address.)

In his Amended Complaint, the Plaintiff alleges that around June 15, 2009, he started taking the prescription drug Seroquel for his mental health disorders and that shortly thereafter he received a "receipt" charging him $180.00 for 30 pills.  (Am. Compl. at 3.)  He alleges that one month later, he received another "receipt" for an additional $377.00 for 88 pills.  *Id.*  He alleges he was never warned about the cost of the medication.  *Id.*

The Plaintiff states that soon afterwards his grandparents sent him $30.00 and the YCDC took the entire sum from his account leaving him nothing.  *Id.*  The Plaintiff states that he allowed his grandparents to send him the money because he thought YCDC would garnish only a portion of the money as he states is done in the SCDC institutions.  (Am. Compl. at 3.)  The Plaintiff alleges he filed two grievances and that the Defendant Chief Misle responded to the second grievance by stating that he understood the Plaintiff's concerns but that the YCDC policy permitted the charges for services rendered and the

2

policy was based on state and national standards. *Id.* The Plaintiff alleges that because his inmate account was depleted, he was not able to buy hygiene products at the canteen. *Id.* He alleges the hygiene products provided by the YCDC were harsh on his body. *Id.* In his Amended Complaint, the Plaintiff asks that the court require Chief Misle "to review the policy on recovering funds and to make it more fair" and not allow for all of an inmate's money to be taken. (Am. Compl. at 5.)

## APPLICABLE LAW

### MOTION TO DISMISS STANDARD

Generally, a motion to dismiss for failure to state a claim should not be granted unless it appears clear that the plaintiff is not entitled to relief "under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994). Additionally, pro se litigants' complaints are not held to the same stringent pleading requirements that are required of attorneys, so the complaints of such litigants must be read more liberally.

3

*Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

4

allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**[1]

In his Amended Complaint, the Plaintiff challenges the manner in which the YCDC garnished the Plaintiff's account for payment of medical services. (*See generally* Am. Compl.) The Plaintiff is seeking an order requiring Chief Misle to review the YCDC's policy and make it fairer and not allow for garnishment of all of the funds in an inmate's account. *Id.* The Plaintiff, however, does not seek any damages in his Amended Complaint. *Id.* As noted above, the Plaintiff was recently transferred into the custody of the SCDC and he is now being housed at the Kirkland Correctional Institution. (Dkt. # 27 - Notice of Change of Address.)

Initially, the undersigned must address whether this action is now moot. Generally an actual controversy must exist at all stages of review, not merely at time complaint is filed. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. *Steffel v. Thompson,* 415 U.S. 452, 460 n. 10 (1974). Claims for

---

[1]To the extent that the Plaintiff is attempting to assert claims on behalf of other inmates, his claims fail. *Hummer v. Dalton,* 657 F.2d 621, 625-626 (4th Cir.1981) (holding a prisoner cannot act as a "knight-errant" for others).

5

injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) ("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."). However, an inmate may avoid mootness dismissal by showing that his injury is "capable of repetition, yet evading review." *Spencer v. Kemna,* 523 U.S. 1, 17 (1998) (doctrine applies only in exceptional circumstances); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam) (holding that "capable of repetition" means "there [i]s a reasonable expectation that the same complaining party would he subjected to the same action again"). Here, the plaintiff is no longer incarcerated at the YCDC, and as the Plaintiff is now an inmate with the SCDC, there is not a reasonable expectation that the Plaintiff will be housed at the YCDC again. *Buie v. Jones,* 717 F.2d 925, 927 (4th Cir.1983) (no reasonable expectation that inmate released will again be incarcerated). Accordingly, the undersigned finds that this action is now moot and should be dismissed.

The undersigned notes that in his Amended Affidavit (Dkt. # 24), the Plaintiff for the first time states he wants to be compensated for the mental anguish he has endured for the past six months due to the YCDC's policy. He also states he has endured "mental, emotional, and physical pain." *Id.* He specifically alleges he has endured physical pain because he is forced to use the harsh and inadequate hygiene supplies which the YCDC provides rather than being able to purchase hygiene supplies from the canteen.

First, the undersigned notes that the Amended Complaint, as written, seeks only equitable relief. Although Plaintiff now requests damages, he has not directly sought to amend his complaint to add such a demand. Furthermore, to the extent Plaintiff seeks monetary damages for "humiliation," or emotional distress, it is well-settled that emotional

6

distress is not actionable under 42 U.S.C. § 1983 and that plaintiff is not entitled to compensatory damages for mental anguish or emotional distress. The Prison Litigation Reform Act ("PLRA") provides that physical injuries are a prerequisite for an award of damages for emotional distress under § 1983. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. *See Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir.1985); and *Rodriguez v. Comas,* 888 F.2d 899, 903 (1st Cir. 1989).

Additionally, the Plaintiff's claims of physical pain from inadequate or harsh hygiene products would not support a claim. "Physical pain, standing alone, is a de minimis injury that may be characterized as a mental or emotional injury and, accordingly, fails to overcome the PLRA's bar; but, when paired with allegations of physical effects, physical pain may support a claim under the PLRA." *Clifton v. Eubank,* 418 F.Supp.2d 1243, 1246 (D.Colo. 2006) (*citing Mata v. Saiz,* 427 F.3d 745, 755 (10th Cir. 2005)(finding that prolonged chest pain, followed by a heart attack, formed the basis for a claim not for emotional injury, but for physical injury, and, thus, survived the PLRA bar). *See also Jarriett v. Wilson,* 414 F.3d 634, 641 (6th Cir. 2005) (assuming without deciding that physical pain is a mental or emotional injury and that plaintiff's claims, when they alleged only pain associated with the moderate swelling of a toe that required no medical treatment, were insufficient to overcome the PLRA bar). Here, the Plaintiff merely alleges the soap does not last long enough and dries out his skin. (Pl.'s Am. Aff. 5.) The Plaintiff has not alleged any physical effects so as to overcome the PLRA's physical injury requirement. Accordingly, based on the foregoing, the Plaintiff's Complaint should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion to Dismiss (Dkt. # 17) be GRANTED and the Plaintiff's Complaint be DISMISSED with prejudice.

**IT IS SO RECOMMENDED.**

                                           s/Bruce Howe Hendricks
                                           United States Magistrate Judge

February 11, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).