UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clifton Daryl Ray Liewald, ) <br> a/k/a Clifton Ray Liewald, ) <br> a/k/a Clifton Liewald, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Chief R. Misle, York County ) <br> Detention Center, ) <br> ) <br>     Defendant. ) <br> _____ ) | Civil Action No. 8:09-cv-02058-RBH <br><br><br><br><br><br> **ORDER** |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina.[1]

On November 6, 2009, Defendant filed his [Docket Entry 17] Motion to Dismiss and for Summary Judgment. Because Plaintiff is proceeding *pro se*, this court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 9, 2009, advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Plaintiff subsequently filed a timely response to Defendant's motion.

This matter is now before the court with the [Docket Entry 28] Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks[2] filed on February 11,

---

[1] The court notes that at the time Plaintiff filed his complaint in this suit, he was incarcerated at the York County Detention Center (YCDC). Moreover, at the time the Magistrate Judge entered her Report and Recommendation, Plaintiff was incarcerated at Kirkland Correctional Institution. *See* Report at 2; Notice of Change of Address [Docket Entry 27]. However, Plaintiff has since filed a second Notice of Change of Address, which states that he is now incarcerated at Lee Correctional Institution. *See* Notice of Change of Address [Docket Entry 34].

[2] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

2010. In her Report, the Magistrate Judge recommended that the court should grant Defendant's motion to dismiss. Plaintiff timely filed objections to the Report on February 24, 2010.[3]

**Facts Presented**

In his [Docket Entry 8] Amended Complaint, Plaintiff alleges that around June 15, 2009, he started taking Seroquel for his mental health disorders, and that shortly thereafter he received a receipt charging him $180.00 for thirty (30) pills. Am. Compl. at 3. He further alleges that one month later, he received another receipt for $377.00 for eighty-eight (88) pills. *Id.* He alleges that he was never warned of the cost of the pills. *Id.*

Plaintiff states that soon after the first bill, his grandparents mailed him $30.00 and the YCDC took the entire sum from his account. *Id.* Plaintiff contends that he only allowed his grandparents to mail that money because he thought the YCDC would only take a portion of the money, as he states is done in South Carolina Department of Corrections' (SCDC) institutions. *Id.* Plaintiff alleges he then filed two grievances, and Defendant responded by stating that he understood Plaintiff's concerns but that the YCDC policy permitted the charges and was based on state and national standards. *Id.*

Plaintiff further alleges that because his inmate account was depleted, he has been unable to enter the canteen at the prison. *Id.* at 4. He alleges that the hygiene products provided by the YCDC were harsh on his body and that the "hotel size soap does not last one week." *Id.* For relief, Plaintiff asks the court to require Chief Misle "to review the policy on recovering funds and to make it more fair on the inmates . . . at YCDC." *Id.*

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

2

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

As an initial matter, the Magistrate Judge found that "[t]o the extent that the Plaintiff is attempting to assert claims on behalf of other inmates, his claims fail." Report at 5 n.1 (citing *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)). It appears that Plaintiff does not specifically object to this recommendation. Rather, he merely reasserts that he seeks relief on behalf of all inmates.[4] Moreover, he sets forth no legal support to establish that he can properly

---

[4] For example, Plaintiff states that he "only asked for Chief Misle to review his policy to be fair on the *inmate population*." Plf's. Obj. [Docket Entry 30] at 1.

3

maintain such a suit. Accordingly, because Plaintiff has failed to object to this recommendation, the court has reviewed the Report for clear error, and finds none. *See Diamond*, 416 F.3d at 315.

More importantly, as to the Amended Complaint itself, the Magistrate Judge found that the action is moot and should be dismissed. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that the transfer of a prisoner renders moot his claim for injunctive relief). Specifically, the Magistrate Judge stated that "the plaintiff is no longer incarcerated at the YCDC, and as the Plaintiff is now an inmate with the SCDC, there is not a reasonable expectation that the Plaintiff will be housed at the YCDC again." Report at 6. Plaintiff specifically objected to this recommendation.

Plaintiff contends that his injury is "capable of repetition."[5] Essentially, Plaintiff argues that because he lives in York County and has committed a multitude of crimes in the past, it is reasonable to expect him to re-offend in the future causing him to once again be held at the YCDC. Plaintiff submits that he has "been to YCDC 5 times since 2006." Plf's. Obj. at 1. The court finds this argument unpersuasive. First, it is not likely that Plaintiff will be transferred back to the YCDC in the foreseeable future, which is a prison for pretrial detainees. *See Buie v. Jones*, 717 F.2d 925, 927 (4th Cir. 1983) ("[A] convicted prisoner under a life sentence plus, cannot reasonably be expected within the foreseeable future to be transferred back to . . . a place of confinement for pretrial detainees."). Plaintiff is currently an inmate with the SCDC, and his expected release date is not until July of 2015. *See* SCDC website,

---

[5] There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). To fall within the exception, the following two circumstances must be simultaneously present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17 (internal quotations and citations omitted).

http://www.doc.sc.gov/InmateSearchDisclaimer.jsp. (follow Search for Incarcerated Inmate hyperlink; then search Last Name: Liewald). Second, after his current stint in prison, hopefully Plaintiff will never return to prison. Plaintiff's assumption that he will be arrested again in the future and placed in the YCDC is nothing more than mere speculation. Therefore, there is no reasonable possibility/expectation that the situation complained of will reoccur in the future. *See McFadden v. Anderson*, No. 3:07-35-RBH, 2007 WL 4268799 at *2 (D.S.C. Nov. 29, 2007); *see also Buie*, 717 F.2d at 927.

Finally, the court notes that Plaintiff sought only equitable relief in his Amended Complaint. Plaintiff only first seeks monetary damages in his [Docket Entry 24] Amended Affidavit filed on December 1, 2009. In that Affidavit, Plaintiff states that he wants to be compensated for the mental, physical, and emotional pain he has endured for the past six (6) months due to the YCDC's policy. Am. Aff. at 7. However, as the Magistrate Judge correctly noted, Plaintiff has not sought to properly amend his complaint to add such a demand. Moreover, even if those damages were properly added to Plaintiff's complaint, the Magistrate Judge determined that Plaintiff's alleged injuries are not sufficient to sustain a claim under 42 U.S.C. § 1983. Report at 6-7. Plaintiff failed to object to these recommendations.[6] Accordingly, the court has reviewed the record for clear, and finds none. *See Diamond*, 416 F.3d at 315.

---

[6] The court notes that it is arguable Plaintiff objected to the Magistrate Judge's recommendation regarding Plaintiff not properly amending his complaint to include the demand for damages. Plaintiff stated the following in his objections regarding the Amended Affidavit: "I amended my Affidavit (Dkt. #24) asking to be compensated because of the fact that Chief Misle didnt [sic] try to even meet me in the middle concerning my complaint. . . . This is the first time Ive [sic] ever tried to seek a civil action against anyone so I can not be expected to know all the rules for doing things in a civil action." Plf's. Obj. at 2. However, even if the court were to consider this statement an objection and ultimately allow Plaintiff to go forward on his damages claim, Plaintiff still has failed to object to the Magistrate Judge's determination that his alleged damages are not sufficient to sustain a claim under § 1983. Therefore, this action should still be dismissed.

**Conclusion**

The court has thoroughly reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion to Dismiss is **GRANTED** and the Plaintiff's Complaint is hereby **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                 s/R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

April 7, 2010
Florence, South Carolina